# EXHIBIT 3



U.S. Department of Justice

Civil Rights Division

---

*Office of the Assistant Attorney General*           *Washington, D.C. 20530*

December 12, 2025

<u>Via Mail and Email</u>

The Honorable Stephanie Thomas
Secretary of State
P.O. Box 150470
165 Capitol Ave. Suite 1000
Hartford, Connecticut 06106
stephanie.thomas@ct.gov

    Re:    Request for Complete Connecticut's Voter Registration List with All Fields

Dear Secretary Thomas:

    We write to you as the chief election official for the State of Connecticut concerning your State's compliance with the statewide voter registration list maintenance provisions of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501 *et seq.*, and the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, *et seq*. Please provide a copy of Connecticut's statewide voter registration list ("VRL") within fourteen days of the date of this letter.

    The electronic copy of the statewide VRL should contain *all fields*, which means, your state's VRL must include the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required under HAVA[1] to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i).

    We request Connecticut's VRL to assess your state's compliance with the statewide VRL maintenance provisions of the NVRA. Our request is pursuant to the Attorney General's authority under Section 11 of the NVRA to bring enforcement actions. *See* 52 U.S.C. § 20510(a).

    HAVA also provides authority for the Justice Department to seek the State's VRL via Section 401, which makes the Attorney General solely responsible for actions to enforce HAVA's

---

[1] In charging the Attorney General with enforcement of the voter registration list requirements in the HAVA and in the NVRA, Congress plainly intended that DOJ be able to conduct an independent review of each state's list. Any statewide prohibitions are clearly preempted by federal law.

1

computerized statewide voter registration list requirements. *See* 52 U.S.C. § 21111; *see also Brunner v. Ohio Republican Party*, 555 U.S. 5, 6 (2008) (*per curiam*) (finding no private right of action to enforce HAVA requirements).

In addition to those authorities, the Attorney General is also empowered by Congress to request records pursuant to Title III of the Civil Rights Act of 1960 ("CRA"), codified at 52 U.S.C. § 20701, *et seq*. Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of twenty-two months after any federal general, special or primary election. *See* 52 U.S.C. § 20701.

Section 303 of the CRA provides, in pertinent part, "Any record or paper required by section 20701 to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative…" *See* 52 U.S.C. § 20703.

Pursuant to the foregoing authorities, including the CRA, the Attorney General is requesting an electronic copy of Connecticut's complete and current VRL. The purpose of this request is to ascertain Connecticut's compliance with the list maintenance requirements of the NVRA and HAVA.

To the extent there are privacy concerns, the voter registration list is subject to federal privacy protections. Section 304 of the CRA provides the answer:

> Unless otherwise ordered by a court of the United States, neither the Attorney General nor any employee of the Department of Justice, nor any other representative of the Attorney General, shall disclose any record or paper produced pursuant to this chapter, or any reproduction or copy, except to Congress and any committee thereof, governmental agencies, and in the presentation of any case or proceeding before any court or grand jury.

52 U.S.C. § 20704.

HAVA specifies that the "last 4 digits of a social security number . . . shall not be considered to be a social security number for purposes of section 7 of the Privacy Act of 1974" (5 U.S.C. § 522a note); 52 U.S.C. § 21083(c). In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Justice Department is now doing. That said, all data received from you will be kept securely and treated consistently with the Privacy Act explained at [Civil Rights Division - Department of Justice - Privacy Policy](https://civilrights.justice.gov/privacy-policy)[2].

---

[2] Available at: https://civilrights.justice.gov/privacy-policy#:~:text=Our%20Statutes-,Privacy%20Act%20Statement,the%20scope%20of%20our%20jurisdiction.

2

Please provide the requested electronic VRL[3] to the Justice Department fourteen days from the date of this letter. The information and materials may be sent by encrypted email to voting.section@usdoj.gov or via the Department's secure file-sharing system, Justice Enterprise File Sharing ("JEFS"). If Connecticut would be interested in a data sharing agreement with the Civil Rights Division, please reply to voting.section@usdoj.gov prior to the expiration of the fourteen-day response window. Upon receipt, we will send you an agreement template.

Should further clarification be required, please contact Brittany E. Bennett at brittany.bennett@usdoj.gov.

Regards,

Brittany E. Bennett
Civil Rights Division

---

[3] Containing *all fields*, which includes either the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required by HAVA.

3