# EXHIBIT 4



**Office of the Secretary of the State**
State of Connecticut
165 Capitol Avenue, Suite 1000
P.O. Box 150470, Hartford, CT 06115-0470

**Stephanie Thomas**
Secretary of the State

**Jennifer D. Barahona**
Deputy Secretary of the State

Via Mail and Email

December 24, 2025

Brittany E. Bennett
Voting Section
Civil Rights Division
U.S. Department of Justice
4CON – Room 8.141
950 Pennsylvania Avenue NW
Washington, D.C. 20530

*Re: Response to Your Request for Connecticut's Voter Registration List*

Ms. Bennett:

By letter dated December 12, 2025, you requested that the Secretary of the State of Connecticut, Stephanie Thomas, send you an electronic version of Connecticut's statewide voter registration list ("VRL") within fourteen days.[1] You expressly asked her to include voters' sensitive personal information, like their full dates of birth, driver's license numbers, and partial social security numbers.

The Secretary cannot comply. Your letter fails to identify any legal authority that requires her to send you this information, and other state and federal privacy laws preclude her from doing so. Although the Secretary remains prepared to cooperate with the federal government to ensure that our elections are conducted in a manner consistent with federal law —as she has consistently done in the past—the Secretary simply cannot turn over voter information unless permitted to do so by law. Her reasoning is provided below.

Principally, your request relies on the Attorney General's enforcement authority under the National Voter Registration Act ("NVRA"). 52 U.S.C. § 20510(a). But that provision says nothing about producing documents or information to the federal government and your letter points to no cases that hold otherwise. Similarly, you reference the "maintenance provisions" of the NVRA, by which you presumably mean 52 U.S.C. § 20507(i)(1). These provisions require a state to "maintain . . . [certain voting] records" and to provide for their "public inspection," but again, do not require a state to produce anything to the federal government. *Id.; see also Greater Birmingham Ministries v. Secretary of State*, 105 F.4th 1324, 1326 (11th Cir. 2024) ("Electronic production . . . is not required for these records —or any others—under the [NVRA].").

Connecticut law also prohibits the Secretary from producing much of the information you seek. For example, she may not disclose "any motor vehicle operator's license number, identity card number or Social Security number on a voter registration record." Conn. Gen. Stat. § 9-50d(b); *see also, e.g., id.* §§ 9-19h(b)(1), 9-20 (b), 9-23h, 9-26, 9-32 (prohibiting

---

[1] Your request cited no authority for a fourteen-day response deadline and none was evident in any of the statutes or cases cited. This arbitrary deadline also fell on December 26, 2025. Given staffing issues with pre-scheduled vacations around the holidays, the Secretary's representative respectfully asked you for an additional seven days to respond. You did not answer.

**Secretary of the State\*** 860-509-6200  sots.ct.gov
**Business Services Division** 860-509-6002  bsd@ct.gov  **Legislation & Election Administration Division** 860-509-6100  lead@ct.gov

*The State of Connecticut is an Affirmative Action/Equal Opportunity Employer.



**Office of the Secretary of the State**
State of Connecticut
165 Capitol Avenue, Suite 1000
P.O. Box 150470, Hartford, CT 06115-0470

**Stephanie Thomas**
Secretary of the State

**Jacqueline A. Kozin**
Deputy Secretary of the State

---

disclosure of certain voters' social security numbers to "any governmental agency"). Also, she may only disclose a voter's month and year of birth, unless she determines that the full birth date will be used for a lawful governmental purpose. *Id.* § 9-50d(a). And she is broadly prohibited from disclosing other voters' information to help ensure their safety or if they are victims of serious crimes like sex trafficking, family violence, or child abuse. *Id.* §§ 9-50d(c), 54-240c, 54-240g. The Secretary takes these confidentiality measures seriously and so do courts, which hold that the NVRA does not preempt similar state voter confidentiality laws. *E.g., Public Int. Legal Foundation, Inc. v. Bellows*, 92 F.4th 36, 56 (1st Cir. 2024) ("[N]othing in the text of the NVRA prohibits the appropriate redaction of uniquely or highly sensitive personal information in the Voter File.").

You also cite your authority under the Help America Vote Act ("HAVA") as a basis for your request. 52 U.S.C. § 21111. But like your equivalent authority under the NVRA, 52 U.S.C. § 20510(a), this provision merely confers general enforcement authority on the Attorney General. It does not require a production to the federal government and your letter points to no cases that say otherwise.

Additionally, your request references Title III of the Civil Rights Act of 1960 ("CRA"). 52 U.S.C. § 20701, et seq. The CRA requires a state election officer to "retain and preserve" certain voting records. *Id.* § 20701. It also permits the Attorney General to demand that those records "be made available for inspection, reproduction, and copying at the principal office of [the state] custodian," so long as the demand "contain[s] a statement of the basis and the purpose therefor." *Id.* § 20703. Your request does not require the Secretary to provide you with an electronic version of Connecticut's VRL under the CRA for at least three reasons.

*First*—as with the NVRA and HAVA—the CRA does not require a state to produce anything to the federal government. It merely requires certain voting records to "be made available for inspection, reproduction, and copying" at the office where they are held. *Id.*

*Second*, your letter does not identify a "basis" for seeking Connecticut's VRL. *Id.* It neither alleges that Connecticut has violated any VRL maintenance law, nor recites any facts that remotely suggest as much. Moreover, Connecticut's recent history of dealings with the Department of Justice ("DOJ") shows no indication of any actual or potential violation. In August, your office asked the Secretary for extensive information on Connecticut's VRL maintenance practices and she timely provided detailed answers. *See* Letter from S. Thomas to M. Gates & M. Riordan (Aug. 20, 2025) (attached). In the four months following her response, you took no enforcement action, sought no further assurances of Connecticut's compliance with any VRL maintenance laws, and did not claim that any of the provided responses were inadequate. After the Secretary gave you these written responses, representatives from her office voluntarily met with DOJ counsel to discuss issues related to Connecticut's VRL. Again, they raised no concerns. So, your letter does not contain any "basis" for seeking Connecticut's VRL and none is apparent given DOJ's recent actions.

*Third*, your letter's stated "purpose" for the request—"to ascertain Connecticut's compliance with the list maintenance requirements of the NVRA and HAVA"—is outside the scope of the CRA. The "purpose [of authorizing demands under 52 U.S.C. § 20703] is to enable the Attorney General to determine whether [52 U.S.C. § 10101] suits [for the denial of the right to vote on the basis of race, color, or previous condition of servitude] or similar actions should be instituted." *Kennedy v. Lynd*, 306 F.2d 222, 228 (5th Cir. 1962). You have cited nothing to suggest that "ascertain[ing] . . . compliance with the list maintenance requirements of the NVRA and HAVA" is a valid "purpose" for demanding documents under the CRA. Indeed,

---

**Secretary of the State**  ℂ 860-509-6200   🌐 sots.ct.gov
**Business Services Division**  ℂ 860-509-6002  ✉ bsd@ct.gov   **Legislation & Election Administration Division**  ℂ 860-509-6100   ✉ lead@ct.gov

*The State of Connecticut is an Affirmative Action/Equal Opportunity Employer.



**Office of the Secretary of the State**
State of Connecticut
165 Capitol Avenue, Suite 1000
P.O. Box 150470, Hartford, CT 06115-0470

**Stephanie Thomas**
Secretary of the State

**Jacqueline A. Kozin**
Deputy Secretary of the State

---

the NVRA and HAVA have their own unique enforcement and remedial schemes specific to VRL list maintenance. Practically, it is also unclear how Connecticut's VRL might be relevant to your investigation of whether Connecticut has adequate list maintenance policies and procedures in place. *See Pub. Int. Legal Found. v. Benson*, 136 F.4th 613, 625 (6th Cir. 2025) (rejecting the argument that the adequacy of a VRL maintenance program should be judged by statistical indicia).

Finally, your letter's assurance that you intend to comply with federal privacy laws is lacking, which also prohibits the Secretary from providing you with Connecticut's VRL. Although you cite a restriction on your ability to disclose information obtained under the CRA, 52 U.S.C. § 20704, federal law requires much more. The Privacy Act, for instance, bars you from collecting records related to First Amendment activities and from maintaining a system of records without detailed explanations to the public about the program. *See* 5 U.S.C. § 552a(e)(4), (e)(7). Likewise, the E-Government Act requires you to conduct a privacy impact assessment addressing concerns like why you are collecting the information and how you plan to safeguard it. *See* Pub. L. No. 107-347, § 208, 116 Stat. 2899 (2002). Your letter does not even acknowledge these and other privacy protections, so I cannot be reasonably assured that you will abide by them.[2]

. . .

Ultimately, the Secretary cannot provide you with Connecticut's VRL because your letter offers no authority that requires or permits her to do so, no facts to suggest that Connecticut fails to comply with the list maintenance requirements of the NVRL or HAVA, and no reason to believe your request complies with all applicable state or federal privacy laws. If you intend to rely on other authorities or allegations not raised in your letter, the Secretary welcomes the opportunity to review them. Based on what you have so far provided, however, she cannot give you Connecticut's VRL.

Sincerely,

Gabe Rosenberg

Chief of Staff & Chief Legal Counsel
Office of the Secretary of the State

---

[2] You have also provided the Secretary a proposed confidential memorandum of understanding ("MOU"), which describes some additional privacy measures. Because the MOU proposes a voluntary, multilayered information-sharing arrangement that is much different than the demand for Connecticut's VRL stated in your letter, the Secretary does not read these two documents together. Also, even if the privacy measures referenced in the MOU apply to the request in your letter, they do not fully address her concerns. For example, although the MOU cites three System of Records Notices ("SORNs") in purported compliance with the Privacy Act, there is no explanation how any of these SORNs apply to your planned use for Connecticut's VRL. Other concerns are not addressed at all, such as the absence of a privacy impact assessment under the E-Government Act.

**Secretary of the State*** ℭ 860-509-6200  ✉ sots.ct.gov
**Business Services Division**  ℭ 860-509-6002  ✉ bsd@ct.gov  **Legislation & Election Administration Division**  ℭ 860-509-6100  ✉ lead@ct.gov

*The State of Connecticut is an Affirmative Action/Equal Opportunity Employer.