HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

BRITTANY E. BENNETT
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square, Room 8.141
150 M Street NE
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: Brittany.Bennett@usdoj.gov

DAVID X. SULLIVAN
United States Attorney
District of Connecticut
157 Church Street
New Haven, CT 06510

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE THOMAS, in her Official Capacity as Secretary of State for the State of Connecticut,<br><br>Defendant. | CASE NO: 3:26-cv-00021<br><br>DECLARATION OF ERIC NEFF IN SUPPORT OF THE DEMAND TO COMPELL PRODUCTION OF RECORDS PURSUANT TO 52 U.S.C. § 20701, *et seq*. |

**DECLARATION**

1

*United States v. Thomas*
Declaration

I, Eric Neff, declare, pursuant to 28 U.S.C. § 1746, that:

1. I am currently Acting Chief of the Voting Section within the Civil Rights Division of the United States Department of Justice. I am fully and personally familiar with the facts stated herein. I make this declaration in support of the United States's motion to compel production of election records pursuant to the Civil Rights Act codified at 52 U.S.C. § 20701, *et seq*.

2. The National Voter Registration Act, ("NVRA") 52 U.S.C. § 20501, *et seq.*, and the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, *et seq*., require each state to perform voter-list maintenance to ensure that only eligible voters remain on the statewide voter registration list. Under Section 11 of the NVRA and Section 401 of HAVA, the Attorney General is charged with the responsibility for enforcement of the list maintenance requirements of both statutes. *See* 52 U.S.C. § 20510(a) and 52 U.S.C. § 21111. This enforcement responsibility has been delegated to the Civil Rights Division by Congress.

3. One of the Justice Department's responsibilities is monitoring states' compliance with the requirements of the NVRA and HAVA, including the filing of enforcement actions for noncompliance.

4. On August 6, 2025, the Civil Rights Division sent a request pursuant to 52 U.S.C. § 20501 *et. seq*. to Secretary of State, Stephanie Thomas, requesting, *inter alia*, certain information regarding Connecticut's procedures for complying with the statewide voter registration list maintenance provisions of the National Voter Registration Act ("NVRA").

5. On August 20, 2025, Secretary Thomas responded to the August 6 Letter. Secretary Thomas provided some responses but did not provide all requested information. The August 20 Letter also stated "We are gathering the requested data and will provide it as soon as practical." No further response was received.

6. On December 12, 2025, the Attorney General sent a letter demanding Connecticut's SVRL pursuant to Title III of the Civil Rights Act of 1960 ("CRA"), codified at 52 U.S.C. § 20701, *et seq*. and the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, *et. seq.*

7. In the December 12 letter the Attorney General made a demand pursuant to the Civil Rights Act, for the electronic copy of the SVRL specifying that it includes each registrant's Driver's License number or last four digits of the social security number as required by HAVA for federal registration.

8. The letter also informed Secretary Thomas that the purpose of the demand for these records was to ascertain Connecticut's compliance with the list maintenance requirements of federal laws, specifically the NVRA and HAVA.

9. The letter further explained that HAVA specifies that "the last four digits of a social security number…shall not be considered to be a social security number for purposes of Section 7 of the Privacy Act of 1974 (5 U.S.C. § 522a note)." 52 U.S.C. § 21083. The demand also instructed that any prohibition of disclosure of a motor vehicle record contained in the Driver's Privacy Protection Act, codified at 18 U.S.C. §2721(b)(1), is exempted, when the disclosure is for use by a government agency in carrying out the agency's enforcement authority, which the Department of Justice is now endeavoring to do.

10. The letter also explained to Secretary Thomas that the Attorney General would keep all data received secure and treat it consistently with the Privacy Act. The Justice Department's requests came with instructional information for the secure transmission of the statewide VRLs to the Justice Department by way of encryption. (*See* December 12 Letter).

11. The request specified a deadline for responses of fourteen days.

12. On December 24, 2025, Secretary Thomas refused to provide the Attorney General with an electronic copy of Connecticut's statewide VRL.

13. True and correct copies of the Justice Department letters dated August 6, 2025, and December 12, 2025, and the reply letters by Secretary Thomas dated August 20, 2025, and December 24, 2025, are attached to the Memo in support of this Motion. Exhibits 1-4.

14. A true and correct copy of the Order denying a temporary injunction in *Crook v. S.C. Election Comm'n*, No. 2025-CP-40-06539 (Richland Cty. Comm. Pleas Oct. 1, 2025) as cited in the Memorandum of Support is attached hereto as Exhibit 5.

I declare under the penalty of perjury that the above statements are true and correct. Executed on January 7, 2026.

Dated: January 7, 2026, at Washington, DC.

                                                          /s/ Eric Neff
                                                           Eric Neff