# Exhibit D

# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STEPHANIE THOMAS, in her Official Capacity as Secretary of the State of Connecticut, <br><br> Defendant. | Case No. 3:26-CV-00021 |

**SEIU DISTRICT 1199NE, CONNECTICUT ALLIANCE FOR RETIRED AMERICANS, CONNECTICUT CITIZEN ACTION GROUP, AND BETTE MARAFINO'S PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT**

SEIU District 1199NE, the Connecticut Alliance for Retired Americans, Connecticut Citizen Action Group, and Bette Marafino ("Proposed Intervenors") answer Plaintiff's Complaint (ECF No. 1), as follows:

### INTRODUCTION[1]

1. Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required,

---

[1] These headings are included because they appear in the Plaintiff's complaint and are duplicated to aid and assist in ease of comparison between the Plaintiff's complaint and the Proposed Intervenors' answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this answer should not be understood otherwise, nor should they be understood to make any admission on behalf of the Proposed Intervenors.

1

Proposed Intervenors admit that the cited opinion and cited statute contain the quoted text. The cited opinion and cited statute otherwise speak for themselves.

2.     Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The cited statute otherwise speaks for itself.

3.     Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited opinion contains the quoted text. The cited opinion otherwise speaks for itself, but Proposed Intervenors deny that the portions of the cited opinion quoted and described in Paragraph 3 are an accurate characterization of current law.

4.     Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited opinions and cited statute contain the quoted text. The cited opinions and cited statute otherwise speak for themselves, but Proposed Intervenors deny that the portions of the cited opinions quoted and described in Paragraph 4 are an accurate characterization of current law.

## JURISDICTION AND VENUE

5.     Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that that this case is brought by the United States as a

Plaintiff, that it alleges purported violations of federal law, and that Defendant is located in Connecticut. Proposed Intervenors otherwise deny the allegations.

## PARTIES

6. Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this case is brought by the United States but otherwise deny the allegations.

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant Stephanie Thomas is the Secretary of State of Connecticut and that she is sued in her official capacity only.

## BACKGROUND

8. Denied.

9. Paragraph 9 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. Proposed Intervenors admit that the NVRA and HAVA impose certain obligations on states with respect to voter registration lists and that the NVRA requires states to preserve certain records. Proposed Intervenors otherwise deny the allegations.

### The National Voter Registration Act

10. Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and that

Secretary Thomas is the chief election official of the State of Connecticut. The statute otherwise speaks for itself.

11. Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

12. Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

### The Help America Vote Act

13. Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

14. Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

### The Civil Rights Act of 1960

15. Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required,

Proposed Intervenors admit that the CRA grants the Attorney General certain authority to request certain records. Proposed Intervenors deny that the CRA authorizes the Attorney General's actions here.

16. Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute requires election officials to preserve certain records for a period of twenty-two months. The statute otherwise speaks for itself.

17. Paragraph 17 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

## FACTUAL ALLEGATIONS

18. Proposed Intervenors admit that the cited website contains the quoted text and that the United States Election Assistance Commission (EAC) conducts the biennial Election Administration and Voting Survey (EAVS). The cited website otherwise speaks for itself.

19. Proposed Intervenors admit that the cited report contains the quoted text. The report otherwise speaks for itself.

20. Proposed Intervenors admit that the Assistant Attorney General for Civil Rights sent a letter to Secretary Thomas on August 6, 2025 (the "August 6 Letter"). Proposed Intervenors deny the remaining allegations in Paragraph 20.

5

21. Admitted.

22. Admitted.

23. Admitted.

24. Paragraph 24 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the Assistant Attorney General for Civil Rights sent a letter to Secretary Thomas on December 12, 2025 (the "December 12 Letter"), and that the cited letter contains the quoted text. Proposed Intervenors otherwise deny the allegations.

25. Admitted.

26. Paragraph 26 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the December 12 Letter contains the quoted text. Proposed Intervenors otherwise deny the allegations.

27. Proposed Intervenors admit that on December 24, 2025, Secretary Thomas sent a letter (the "December 24 Letter") responding to the December 12 Letter, and that in the letter, Secretary Thomas declined to provide the requested information. The contents of the letter otherwise speak for themselves.

28. Denied.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

29. Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required,

Proposed Intervenors admit that a document purporting to be a demand for election records was sent to Secretary Thomas on December 12, 2025. Proposed Intervenors otherwise deny the allegations.

30. Denied.

31. Paragraph 31 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors state that the contents of the December 24 Letter speak for themselves. Proposed Intervenors admit that Secretary Thomas has not provided all of the records requested, including all the sensitive, private voter information demanded, but Proposed Intervenors deny that such refusal violates any federal or state law.

Immediately following Paragraph 31, the Complaint contains a request for relief in paragraphs (A)–(B) demanding equitable and declaratory relief. Proposed Intervenors deny that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5. Plaintiff lacks authority to bring a cause of action.

6. Connecticut law, *see* Conn. Gen. Stat. § 14-10, prohibits Secretary Thomas from sharing the highly sensitive personal information sought by Plaintiff, and that state law does not conflict with or otherwise violate federal law.

## PROPOSED INTERVENORS' PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of Proposed Intervenors and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: January 9, 2026                Respectfully submitted,

/s/ *William Bloss*
William Bloss
CT Fed. Bar No. CT01008
**KOSKOFF KOSKOFF & BIEDER P.C.**
350 Fairfield Avenue, Suite 501
Bridgeport, CT 06604
T: (475) 766-4317
BBloss@koskoff.com

David R. Fox*
Marisa A. O'Gara*

8

Tori Shaw*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
F: (202) 968-4498
dfox@elias.law
mogara@elias.law
tshaw@elias.law

\* *Pro Hac Vice* Applications Forthcoming

*Counsel for Proposed Intervenors*

9