IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA: *Plaintiff* | : : | 3:26-CV-00021-KAD |
| v. | : : | |
| STEPHANIE THOMAS *Defendant.* | : : | JANUARY 13, 2026 |

### DEFENDANT'S MOTION FOR EXTENSION OF TIME

Pursuant to Federal Rule of Civil Procedure 6(b)(1) and Local Rule 7(b), Defendant Stephanie Thomas, Secretary of the State of Connecticut, respectfully requests that the Court extend and align the deadlines to respond to the Complaint and the Court's Order to Show Cause, (ECF Nos. 1, 10.), so that both fall on February 27, 2026. This is Defendant's first such request. Intervening Defendants, Seiu District 1199NE, Connecticut Alliance for Retired Americans, Connecticut Citizen Action Group, and Bette Marafino, consent. Plaintiff, the United States of America, opposes the motion.

### I. Background

On January 6, 2026, the United States filed a Complaint and the next day, an accompanying Motion to Compel. (ECF Nos. 1, 9.) The single-count Complaint and Motion to Compel have nearly identical factual allegations, legal arguments, and requests for relief: they both contend that Defendant must turn Connecticut's statewide voter registration list over to Plaintiff, pursuant to Title III of the Civil Rights Act.

On January 8, the Court issued an Order to Show Cause in response to the Motion to Compel ("OSC"). (ECF No. 10.) In relevant part, the OSC ordered (1) the United States "to serve a copy of this Order, the Complaint, and the Motion to Compel and all attachments thereto on the Defendant by January 12," (2) Defendant to respond to the Motion to Compel by January 20, (3) the United States to reply by January 23, and (4) both parties to attend a hearing on January 29.

On January 12, the United States timely served Defendant, via service on the Office of the Attorney General of the State of Connecticut. (ECF No. 21.) By rule, Defendant must respond to the Complaint by February 2. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

## II.   Good Cause for an Extension of Time Exists

Defendant respectfully requests that Court extend and align the deadlines to show cause and to respond to the Complaint, so that both fall on February 27. Presently, Defendant's deadline to respond to the Motion to Compel is January 20 (7 days from this filing) and deadline to respond to the Complaint is February 2 (21 days from this filing). Defendant proposes to extend these deadlines by 38 and 25 days, respectively.

Good cause exists. This is Defendant's first request to extend these deadlines. Defendant's counsel have only appeared in this matter today and require additional time to review Plaintiff's papers. Counsel also have other pending matters, including an ongoing trial in a Second Amendment challenge to Connecticut's age restrictions on the possession and carrying of firearms. *Succow v. Bondi, et al.*, 3:25-cv-00250-

SVN. Evidence in that trial is scheduled to continue until Wednesday January 14, 2026 and substantial post-trial briefing is expected in January 2026. Counsel also recently had to leave the state to attend to a family emergency and anticipates being unavailable for several days. Separately, other counsel in this case has a prescheduled out-of-state trip planned for January 16 through 18 that cannot be rescheduled. Defendant and her legal staff will also need time to review the briefs before they are submitted.

The nature of Plaintiff's demand also warrants more time to respond. Substantively, Plaintiff's request has serious privacy and First Amendment implications for millions of registered voters in Connecticut. It openly seeks voters' sensitive identifying information (e.g., driver's license numbers, social security numbers) and voting records that are protected by federal and state law. *See, e.g.*, 5 U.S.C. § 552a(e); Conn. Gen. Stat. § 9-50d(b). Procedurally, Plaintiff advances a novel theory that has no apparent precedent in this Circuit—it concedes that this theory is only supported by a small set of cases from the Fifth Circuit that were decided in the early 1960s. *See* Mem. of L. in Supp. of Mot. to Compel. 4 n.1 (ECF No. 9-1). And remedially, Plaintiff's Motion to Compel seeks the same practical relief that it seeks in its Complaint, which counsels against an expedited resolution on the Motion to Compel that would effectively end the case. Without an extension of time, Defendant will be denied an opportunity to fully brief these complex issues.

In accordance with Local Rule 7(b), Defendant, through counsel, asked all non-moving parties for their position on the motion. Intervening Defendants consent.

3

Granting the requested extension will permit the Intervening Defendants sufficient time to oppose Plaintiff's Motion to Compel.

Plaintiff opposes the motion. Plaintiff will not, however, suffer prejudice from a modest extension of time. Plaintiff identified no actual deficiencies in Connecticut's voter list maintenance practices that require immediate remediation or even investigation. Further, Plaintiff provides no binding authority requiring an expedited proceeding and its pleadings do not identify an exigency that requires immediate resolution. Nor is any apparent. The next federal election is not until August. *See* Fed. Elec. Comm'n, 2026 Congressional Primary Dates and Candidate Filing Deadlines for Ballot Access (Jan. 9, 2026). And Plaintiff has not demonstrated a pressing need for this information in other related cases around the country. To the contrary, it has repeatedly agreed to similar extensions. *E.g.*, *United States of America v. Benson*, 1:25-cv-01148-HYJ-PJG, ECF No. 12 (W.D. Mich. Oct. 22, 2025); *United States of America v. Benson*, 1:25-cv-01148-HYJ-PJG, ECF No. 20 (W.D. Mich. Nov. 10, 2025); *United States of America v. Amore*, 1:25-cv-00639-MSM-PAS, ECF No. 23 (D.R.I. Dec. 15, 2025); *United States of America v. Hanzas*, 2:25-cv-00903-mkl, ECF. No. 10 (D. Vt. Dec. 17, 2025); *United States of America v. Demarinis*, 1:25-cv-03934-SAG, ECF No. 13 (D. Md. Dec. 19, 2025); *United States of America v. Albence*, 1:25-cv-01453-RGA, ECF No. 18 (D. Del. Dec. 18, 2025); *United States of America v. Griswold*, 1:25-cv-03967-PAB-TPO, ECF No. 21 (D. Colo. Dec. 29, 2025). When counsel inquired, Plaintiff declined to explain why it was taking a different position in this case. Upon information and belief, Plaintiff has filed 23 other cases asserting

similar claims, none of which are on an expedited schedule, as of the date of this filing.

Accordingly, Defendant respectfully requests that the Court extend the deadlines to respond to the Complaint and to respond to the OSC, (ECF Nos. 1, 10.), to February 27, 2026.

    Respectfully submitted,
    DEFENDANT
    STEPHANIE THOMAS,

    WILLIAM TONG
    ATTORNEY GENERAL

    By:   /s/ *Michael Rondon*
    Michael Rondon (ct31022)
    Blake Sullivan (ct30289)
    Assistant Attorneys General
    Attorney General's Office, Special Litigation
    165 Capitol Avenue, Suite 5000
    Hartford, CT 06106
    Tel:  (860) 808-5020
    Fax: (860) 808-5347
    Michael.Rondon@ct.gov
    Blake.Sullivan@ct.gov

## **CERTIFICATION**

I hereby certify that on January 13, 2026, a copy of the foregoing was electronically filed and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

    U.S. DOJ-Civil Rights Dept.
    Brttany E. Bennett
    950 Pennsylvania Ave, NW
    Washington, DC 20579
    Brittany.bennett@usdoj.gov

    William M. Bloss
    Koskoff, Koskoff & Bieder, P.C.
    350 Fairfield Ave.
    Bridgeport, CT 06604
    bbloss@koskoff.com

                                    /s/ *Michael Rondon*
                                    Michael Rondon (ct31022)
                                    Assistant Attorney General