# EXHIBIT 1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     *Plaintiff*,<br> v.<br><br>STEPHANIE THOMAS, in her Official Capacity as Secretary of State for the State of Connecticut,<br><br>     *Defendant*. | Case No. 3:26-cv-00021 (KAD) |

## [PROPOSED] ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT-INTERVENORS COMMON CAUSE AND CLAIRE EWING

Defendant-Intervenors Common Cause and Claire Ewing (Defendant-Intervenors) answer Plaintiff the United States of America's Complaint as follows:

### INTRODUCTION[1]

1. Defendant-Intervenors admit that the cited opinion and statute contain the quoted text. Paragraph 1 otherwise contains legal conclusions, characterizations, or opinions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

2. Defendant-Intervenors admit that the cited statute contains the quoted text. Paragraph 2 otherwise contains legal conclusions, characterizations, or opinions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

3. Defendant-Intervenors admit that the cited opinion contains the quoted text. Paragraph 3 otherwise contains legal conclusions, characterizations, or opinions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

---

[1] These headings appear in Plaintiff's Complaint and are reproduced to assist in comparing the Complaint and Defendant-Intervenors' Answer. These headings should not be construed as any admission of a factual allegation or legal conclusion.

4. Defendant-Intervenors admit that the cited opinions contain the quoted text. Paragraph 4 otherwise contains legal conclusions, characterizations, or opinions, to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations. To the extent that Paragraph 4 makes legal characterizations of proceedings under Title III of the Civil Rights Act of 1960 (CRA), Defendant-Intervenors deny those characterizations.

## I.     JURISDICTION AND VENUE

5. Defendant-Intervenors admit that Defendant Stephanie Thomas, Secretary of State of Connecticut (Secretary Thomas), is located in and conducts election administration activities in this District. Paragraph 5 otherwise contains legal conclusions, characterizations, or opinions, to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

## II.     PARTIES

6. Defendant-Intervenors admit that Plaintiff is the Attorney General of the United States of America. Paragraph 6 otherwise contains legal conclusions, characterizations, or opinions, to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

7. Defendant-Intervenors admit that Defendant Stephanie Thomas is the Secretary of State of Connecticut and that she is sued in her official capacity. Paragraph 7 otherwise contains legal conclusions, characterizations, or opinions, to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

## BACKGROUND

8. Defendant-Intervenors deny this allegation.

9. Paragraph 9 contains legal conclusions, characterizations, or opinions, to which no

response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

## The National Voter Registration Act

10. Paragraph 10 contains legal conclusions, characterizations, or opinions, to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the cited statute includes the quoted text, and that the cited statute speaks for itself.

11. Paragraph 11 contains legal conclusions, characterizations, or opinions, to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the cited statute includes the quoted text, and that the cited statute speaks for itself.

12. Paragraph 12 contains legal conclusions, characterizations, or opinions, to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the cited statute includes the quoted text, and that the cited statute speaks for itself.

## The Help America Vote Act

13. Paragraph 13 contains legal conclusions, characterizations, or opinions, to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the cited statute includes the quoted text, and that the cited statute speaks for itself.

14. Paragraph 14 contains legal conclusions, characterizations, or opinions, to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the cited statute includes the quoted text, and that the cited statute speaks for itself.

## The Civil Rights Act of 1960

15. Paragraph 15 contains legal conclusions, characterizations, or opinions, to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the cited statute vests the Attorney General with some power to request records, but deny the broad

characterization in this paragraph to the extent that it fails to mention that this power to request records is subject to certain additional legal requirements and restrictions. Defendant-Intervenors deny that the Attorney General has a sufficient basis or purpose for the records requests at issue in this case.

16. Paragraph 16 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors assert that the cited statutes speak for themselves.

17. Paragraph 17 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors assert that the cited statutes speak for themselves.

**FACTUAL ALLEGATIONS**

18. Defendant-Intervenors admit that the cited website contains the quoted text and that the United States Election Assistance Commission conducts a biennial Election Administration and Voting Survey (EAVS). To the extent that Paragraph 18 contains legal conclusions, characterizations, or opinions, no response is required.

19. Defendant-Intervenors admit that the cited website contains the quoted text. To the extent Paragraph 19 contains legal conclusions, characterizations, or opinions, no response is required.

20. Defendant-Intervenors admit that the Attorney General sent a letter to Secretary Thomas dated August 6, 2025 (August 6 Letter). Defendant-Intervenors deny that the Attorney General sent the August 6 letter based on a review of the 2024 EAVS report or that the purpose of the letter was related to Connecticut's compliance with federal election law.

21. Defendant-Intervenors admit that the August 6 letter requested this information, but

the letter otherwise speaks for itself.

22. Defendant-Intervenors admit that the August 6 letter requested production in this format, but the letter otherwise speaks for itself.

23. Defendant-Intervenors admit that Secretary Thomas responded in this way on August 20, 2025, but lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 23, so therefore deny them.

24. Defendant-Intervenors admit that the Attorney General sent a letter to Secretary Thomas dated December 12, 2025 (December 12 Letter), and that the letter contained the quoted text, but the letter otherwise speaks for itself. To the extent that Paragraph 24 contains legal conclusions, characterizations, or opinions, no response is required.

25. Defendant-Intervenors admit that the December 12 Letter demanded the information described, but the letter otherwise speaks for itself. To the extent that Paragraph 25 contains legal conclusions, characterizations, or opinions, no response is required.

26. Defendant-Intervenors admit that the December 12 Letter contains the quoted text, but the letter otherwise speaks for itself. To the extent that Paragraph 26 contains legal conclusions, characterizations, or opinions, no response is required.

27. Defendant-Intervenors admit that on December 24, 2025, Secretary of State Thomas responded to the December 12 Letter. To the extent that Paragraph 27 characterizes Secretary Thomas's response, Defendant-Intervenors assert that the letter speaks for itself.

28. Defendant-Intervenors deny this allegation.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

29. Defendant-Intervenors admit that the December 12 Letter demanded the production of certain records, but the letter otherwise speaks for itself. To the extent that Paragraph 29

contains legal conclusions, characterizations, or opinions, no response is required.

30. Defendant-Intervenors deny this allegation.

31. Defendant-Intervenors admit that Secretary Thomas refused to provide the requested records. To the extent that Paragraph 31 contains legal conclusions, characterizations, or opinions, no response is required. Defendant-Intervenors deny that Plaintiff United States is entitled to any relief.

*   *   *

Defendant-Intervenors further deny every allegation in the Complaint that is not expressly admitted.

## AFFIRMATIVE DEFENSES

Defendant-Intervenors also raise the following affirmative defenses:

1. The United States' Complaint fails to state a claim upon which relief can be granted.

2. The United States' requested relief is contrary to law.

3. The authority claimed by the United States as grounds for the relief sought is *ultra vires*.

4. Connecticut law bars Secretary Thomas from sharing the requested private personal information and is not preempted by any federal law.

5. The United States has not established its entitlement to injunctive relief.

6. The United States' claims are barred in whole or in part by equity, including on the basis of unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, Defendant-Intervenors deny that the United States is entitled to judgment in its favor on any grounds, and Defendant-Intervenors respectfully request that the relief

requested by the United States be denied in its entirety.

Dated: January 27, 2026                    Respectfully submitted,

William Hughes*                             */s/Dan Barrett*
Theresa J. Lee*                             Dan Barrett
Sophia Lin Lakin*                           Elana Bildner
AMERICAN CIVIL LIBERTIES UNION              Joseph Gaylin
FOUNDATION                                  AMERICAN CIVIL LIBERTIES UNION OF
125 Broad St., 18th Floor                   CONNECTICUT
New York, NY 10004                          80 State House Square
(212) 549-2500                              P.O. Box 230178
whughes@aclu.org                            Hartford, CT 06123
tlee@aclu.org                               dbarrett@acluct.org
slakin@aclu.org                             ebildner@acluct.org
                                            jgaylin@acluct.org
Patricia Yan*
AMERICAN CIVIL LIBERTIES UNION              *Counsel for Common Cause and Claire Ewing*
FOUNDATION
915 15th St. NW                             * Application for admission *pro hac vice*
Washington, DC 20001                        forthcoming
(202) 457-0800
pyan@aclu.org