**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

---

UNITED STATES OF AMERICA,

                *Plaintiff*,

   v.

STEPHANIE THOMAS, in her Official Capacity
as Secretary of State for the State of Connecticut,

              *Defendant*.

Case No. 3:256-cv-00021 (KAD)

---

## MOTION OF THE DEMOCRATIC NATIONAL COMMITTEE
## FOR LEAVE TO FILE AN AMICUS BRIEF

The Democratic National Committee ("DNC") respectfully moves for leave to submit a brief in this matter as amicus curiae. The DNC is the oldest continuing party committee in the United States, and its purposes and functions are to communicate the Democratic Party's position on issues, protect voter's rights, and aid the election of Democratic candidates nationwide, including by organizing citizens to vote in favor of Democratic candidates. The DNC represents millions of voters, including nearly 800,000 registered Democrats in Connecticut.

This Court should exercise its discretion to allow the DNC to file an amicus brief. "There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court." *Ross v. Mellekas*, No. 3:20-cv-319, 2020 WL 8680019, at *1 (D. Conn. Aug. 5, 2020) (internal quotation marks and citation omitted). "In the absence of clear governing standards, district courts have looked to Rule 29 of the Federal Rules of Appellate Procedure for guidance." *Kistler v. Stanley Black & Decker, Inc.*, No. 3:22-cv-966, 2023 WL 1827734, at *1 (D. Conn. Jan. 25, 2023). Under Rule 29, a "motion for leave to file an *amicus curiae* brief "must be accompanied by the proposed brief and state: (1) the movant's interest; and

1

(2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." *Schaghticoke Tribal Nation v. Norton*, No. 3:06-cv-81, 2007 WL 9719292, *1 (D. Conn. Aug. 2, 2007) (quoting Fed. R. Civ. App. 29(b)); *see also Kistler*, 2023 WL 1827734, at *1 ("[A]*mici* need not be completely disinterested in the outcome of the litigation to provide [valuable] perspectives." (internal citation and quotation marks omitted)). Ultimately, leave to file an amicus brief is warranted when a party offers a "unique and helpful perspective." *Kistler*, 2023 WL 1827734, at *2.

In this case, the U.S. Department of Justice ("DOJ") demands a copy of the State of Connecticut's complete, unredacted voter file, which includes the personally identifiable information of nearly 800,000 Democrats. This demand forces registered Democrats and unregistered citizens who favor Democratic candidates to choose between electoral participation and data privacy. Conditioning the right to vote on the release of private information "creates an intolerable burden on that right." *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 339 (4th Cir. 2012). In turn, the DNC has a significant protectable interest in the success of Democratic candidates, and pressure on Democrats to avoid registration or to remove themselves from the voter rolls would impose an intolerable burden on that interest. *See, e.g.*, *Paher v. Cegavske*, No. 3:20-cv-243, 2020 WL 2042365, at *2–3 (D. Nev. Apr. 28, 2020); *cf. Bost v. Ill. State Bd. of Elections*, 146 S. Ct. 513, 519–21 (2026).

The DNC would also offer substantial expertise concerning the statutes at issue: Title III of the Civil Rights Act of 1960 ("Title III"), 52 U.S.C. §§ 20701–20706; the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §§ 20501–20511, and the Help America Vote Act of 2002 ("HAVA"), 52 U.S.C. §§ 20901–21145. The DNC routinely litigates matters under both the NVRA and HAVA. *See, e.g.*, *Republican Nat'l Comm. v. N.C. State Bd. of Elections*, No.

2

5:24-cv-547 (E.D.N.C.) (HAVA); *Mi Familia Vota v. Fontes*, No. 2:22-cv-509 (D. Ariz.) (NVRA).  More broadly, the DNC regularly works with election officials to ensure that elections are conducted in a free, fair, and lawful manner and relies on Title III's document-retention requirements.  As a result, several courts have accepted DNC amicus briefs in related cases.  *See, e.g.*, Order, *United States v. Oregon*, No. 6:25-cv-1666 (D. Or. Nov. 21, 2025), ECF No. 38.

Secretary Thomas has offered this Court a range of independently sufficient bases to dismiss this litigation and deny DOJ's motion to compel.  *See* Conn. Mem., ECF No. 58-1; Conn. Opp., ECF No. 59.  The DNC's proposed amicus brief compliments Secretary Thomas's submissions by providing targeted and expanded treatment of both the inadequacy of DOJ's pretextual assertion of "the basis and the purpose" of its Title III request and the process necessary before this Court should enforce that request.  Thus, the DNC's amicus brief will assist this Court by presenting a "unique and helpful perspective."  *Kistler*, 2023 WL 1827734, at *2.

For these reasons, this Court should grant the DNC's motion for leave to file an amicus brief in the above-captioned matter.   The DNC has met and conferred with the parties.  The United States and Secretary Thomas take no position on this motion, and the CCAG Intervenors and Common Cause Intervenors consent.

Respectfully submitted,                            Dated: March 2, 2026

_____                    */s/ Daniel J. Freeman*
Kevin N. Reynolds                                  Daniel J. Freeman*
CT Fed. Bar. No. 12305                         Democratic National Committee
Law Office of Kevin N. Reynolds          430 South Capitol Street SE
71 Sycamore Road                                 Washington, DC 20003
West Hartford, CT 06117                       (202) 863-8000
(860) 308-2388                                       freemand@dnc.org
kreynolds@rsgllc.com

                                                             * Pro Hac Vice Application
                                                                Forthcoming

                                                             *Counsel for Proposed Amicus*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 2, 2206, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system

Kevin N. Reynolds