**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| |
|---|
| UNITED STATES OF AMERICA, |
| *Plaintiff*, |
| v. |
| STEPHANIE THOMAS, in her Official Capacity as Secretary of State for the State of Connecticut, |
| *Defendant*. |

Case No. 3:26-cv-00021 (KAD)

## INTERVENOR-DEFENDANTS COMMON CAUSE AND CLAIRE EWING'S SUBMISSION OF SUPPLEMENTAL AUTHORITY

Intervenor-Defendants Common Cause and Claire Ewing submit this Notice of Supplemental Authority regarding a decision in one of the other cases in which the United States Department of Justice ("DOJ") is seeking production of states' full and unredacted voter files pursuant to Title III of the Civil Rights Act of 1960 ("CRA"). Today, the District Court for the District of Rhode Island issued an opinion in *United States v. Amore*, No. 1:25-cv-00639-MSM-PAS, denying the DOJ's motion to compel and dismissing its complaint seeking production of Rhode Island's statewide voter registration list. That opinion is attached as Exhibit 1.

*Amore* rejected DOJ's attempt to conduct a "fishing expedition," unmoored from any factual basis or legally proper purpose. Ex. 1 at 14. As a matter of process, it held that "DOJ is not entitled to any sort of summary or abbreviated procedures for obtaining the information it seeks." *Id.* at 8. In so holding, the court rejected DOJ's reliance on *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962)—which it noted "is steeped in the context of 1960s racial discrimination in voter registration"—in light of *United States v. Powell*, 379 U.S. 48 (1964), and DOJ's decision to file a complaint. Ex. 1 at 8–9 & n.1. Applying the familiar standard of Federal Rule of Civil Procedure 12, the court further held that the CRA's requirement that DOJ provide a written statement of "the

1

basis" of its request refers to "a factual, not legal basis." *Id.* at 11. Because DOJ did not do so—in a letter meaningfully identical to DOJ's letter to Connecticut officials, *compare id.* at 5–7, *with* Dkt. Nos. 9-2, 9-4—it failed to satisfy the CRA. Nor was a "curing elaboration letter"—which DOJ requested there as here, *see* Dkt. No. 91—possible, because it would not be able to provide any statutorily-sufficient statement of its purpose. Ex. 1 at 13–14. Therefore, the court denied the motion to compel and dismissed the case.

*Amore*'s reasoning applies with equal force here, and provides further support for denying the DOJ's motion to compel and dismiss the Complaint.

Dated: April 17, 2026

William Hughes*
Theresa J. Lee*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
whughes@aclu.org
tlee@aclu.org
slakin@aclu.org

Patricia Yan*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St. NW
Washington, DC 20001
(202) 457-0800
pyan@aclu.org

Respectfully submitted,

*/s/William Hughes*
Joseph Gaylin (#ct32089)
Elana Bildner (#ct30379)
Dan Barrett (#ct29816)
Jaclyn Blickley (#ct31822)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF CONNECTICUT
P.O. Box 230178
Hartford, CT 06123
(860) 471-8471
jgaylin@acluct.org
ebildner@acluct.org
dbarrett@acluct.org
jblickley@acluct.org

*Counsel for Intervenor-Defendants Common Cause and Claire Ewing*

* Admitted *pro hac vice*

2