IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE THOMAS, in her Official Capacity as Secretary of State of Connecticut<br><br>Defendant(s). | Case Number: 3:26-cv-00021-KAD<br><br>**UNITED STATES' RESPONSE TO ADDITIONAL AUTHORITY FILED BY INTERVENOR-DEFENDANTS CONNECTICUT ALLIANCE FOR RETIRED AMERICANS, ET AL. (DKT. 93)** |

The United States respectfully submits this response to Notice of Additional Authority filed by Intervenor Defendants Connecticut Alliance for Retired Americans, et al. (Dkt. 93).

In *United States v. Amore*, 2026 WL 1040637, at \*5 (D.R.I. Apr. 17, 2026), the district court ruled that the Attorney General's written demand for Rhode Island's statewide voter registration list was legally insufficient under the CRA because it provided no "factual basis" suggesting Rhode Island may be violating the NVRA or HAVA.  The court further held that, even if the Attorney General's demand had specified a factual basis, it would still be inadequate because the stated purpose for the demand — enforcement of the NVRA's and HAVA's list maintenance requirements — is "unrelated to voting-related racial discrimination." *Id*. at \*5-6.

*Amore* is incorrect. *First*, the court there repeated the errors committed by the district courts in California, Oregon, and Massachusetts by holding that the Attorney General must state a *factual* basis for the demand. And nothing in *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), which held that the "factual foundation for, or the sufficiency of," the basis "is not open to judicial review or ascertainment," suggests otherwise. At any rate, the government provided a factual basis—the

2024 EAVS data—even if it was not in the demand itself. *Amore*, 2026 WL 1040637, at *3. *Second*,

nothing in the CRA's text "cabin[s] its application solely" to "voting-related racial discrimination."

*Id.* at *5; *accord United States v. Benson*, 2026 WL 362789, at *8 (W.D. Mich. Feb. 10), *appeal*

*docketed* No. 26-1225 (6th Cir. 2026).

Respectfully submitted this 28th day of April 2026

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section


*/s/ Jonathon P. Hauenschild*
Jonathon P. Hauenschild
Joseph W. Voiland
Trial Attorney, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street NE, Room 8.1134
Washington, D.C. 20002
Jonathon.Hauenschild@usdoj.gov
Joseph.Voiland@usdoj.gov
Tel. (202) 215-2110