**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> STEPHANIE THOMAS, in her official capacity as Secretary of the State of Connecticut, <br><br> *Defendant*, <br><br><br> SEIU DISTRICT 1199NE, CONNECTICUT ALLIANCE FOR RETIRED AMERICANS, CONNECTICUT CITIZEN ACTION GROUP, and BETTE MARAFINO, <br><br> *Intervenor-Defendants*, <br><br> and <br><br> COMMON CAUSE, and CLAIRE EWING, <br><br> *Intervenor-Defendants*. | Case No. 3:26-CV-00021-KAD <br><br> April 29, 2026 |

**INTERVENOR-DEFENDANTS SEIU DISTRICT 1199NE, CONNECTICUT ALLIANCE
FOR RETIRED AMERICANS, CONNECTICUT CITIZEN ACTION GROUP, AND
BETTE MARAFINO'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants SEIU District 1199NE, Connecticut Alliance for Retired Americans, Connecticut Citizen Action Group, and Bette Marafino ("Intervenor-Defendants") respectfully provide the Court notice of supplemental authority supporting Intervenor-Defendants' pending Motion to Dismiss. *See* ECF Nos. 56–57. Yesterday, in DOJ's parallel suit seeking

1

Arizona's unredacted voter list, the district court dismissed DOJ's complaint on the ground that Arizona's statewide voter registration list is not a document subject to request by the Attorney General under the plain text of Title III of the Civil Rights Act. *See* Order, *United States v. Fontes*, No. 2:26-cv-00066-SMB (D. Ariz. Apr. 28, 2026), ECF No. 50 (attached hereto as Exhibit A); *see also* ECF No. 60 at 17–18; Mar. 19, 2026 Tr. at 14:8–22; 15:14–17.

The district court first found that, under *United States v. Powell*, 378 U.S. 48 (1964), the Federal Rules of Civil Procedure governed the instant matter, and thus that DOJ's complaint could be dismissed under Rule 12(b)(6). *Id.* at *2. Applying that standard, the district court then held that a statewide voter registration list does not "come into [the state's] possession" as that phrase is used in the CRA, because it refers to records and papers that election officials receive from external sources, like voters. *Id.* at *6. The district court noted that, by contrast, a voter registration list is an internal record created by the state itself. *Id.*

The court explained that its interpretation was reinforced by the NVRA and HAVA. For example, the court highlighted that the CRA makes election officials criminally liable for altering election records; the precise opposite of the continuous list maintenance required by the NVRA and HAVA. *See id.*; *see also* 52 U.S.C. § 21083(a)(2)(B) (requiring States to perform list maintenance "on a regular basis").

Six courts have now dismissed DOJ's complaints in these matters; not one has found it to have stated a valid claim. These decisions support Intervenor-Defendants' argument that DOJ's complaint must be dismissed as a matter of law.

Dated: April 29, 2026                     Respectfully submitted,

                                          */s/ William Bloss*
                                          William Bloss
                                          CT Fed. Bar No. CT01008
                                          **KOSKOFF KOSKOFF & BIEDER P.C.**
                                          350 Fairfield Avenue, Suite 501
                                          Bridgeport, CT 06604
                                          T: (475) 766-4317
                                          BBloss@koskoff.com

                                          David R. Fox*
                                          Joshua C. Abbuhl*
                                          Tori Shaw*
                                          **ELIAS LAW GROUP LLP**
                                          250 Massachusetts Ave. NW, Suite 400
                                          Washington, DC 20001
                                          T: (202) 968-4490
                                          F: (202) 968-4498
                                          dfox@elias.law
                                          jabbuhl@elias.law
                                          tshaw@elias.law

                                          * Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ William Bloss