**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

UNITED STATES OF AMERICA,

                *Plaintiff*,

  v.

STEPHANIE THOMAS, in her Official Capacity
as Secretary of State for the State of Connecticut,

                *Defendant*.

Case No. 3:26-cv-00021 (KAD)

## <u>INTERVENOR-DEFENDANTS COMMON CAUSE AND CLAIRE EWING'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>

Intervenor-Defendants Common Cause and Claire Ewing respectfully submit this response to Plaintiff's May 15, 2026, Notice of Supplemental Authority. *See* Dkt. No. 96.

Unable to find a court that agrees with them, lawyers from the Department of Justice submit a non-binding memorandum opinion from other lawyers at the Department of Justice, claiming that the Department of Justice's legal arguments are correct. Even before the Supreme Court curtailed deference to federal agencies' legal interpretations, *see Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), it recognized that "[i]nterpretations such as those in opinion letters . . . which lack the force of law [] do not warrant *Chevron*-style deference," *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000). The memorandum opinion—which was written only after six federal courts dismissed Plaintiff's materially-identical lawsuits seeking states' unredacted voter files—amounts to a surreply, for which Plaintiff has not sought or been granted leave to file. Indeed, the opinion takes the form of a response brief, for example referring to "counterargument[s] we have seen" and then citing to motions filed by state defendants contesting Plaintiff's demands for their unredacted voter files. *See* Dkt. No. 96-1 at 23 & n.22; *see also id.* at 17 (referring to the *Benson* decision as "a court which has . . . disagreed with our advice"). The

1

memorandum opinion states that its purpose is to "provide our best view of the law as to the Executive Branch," *id.* at 10 n.12; it is hard to understand how this is different from what Plaintiff's counsel has already done in this case.

The memorandum opinion offers nothing beyond a rehashing of arguments rejected by courts across the country. In arguing that Title III's basis and purpose requirements are not distinct, for example, the memorandum opinion cites law review articles and unrelated judicial opinions, rather than the many courts that have recently and directly addressed this argument and held otherwise. *See id.* at 22–23. This Court can safely ignore this self-serving memorandum opinion, written by Plaintiff's counsel's colleagues, that raises no new arguments and has no force of law.

Dated: May 18, 2026

William Hughes*
Theresa J. Lee*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
whughes@aclu.org
tlee@aclu.org
slakin@aclu.org

Patricia Yan*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St. NW
Washington, DC 20001
(202) 457-0800
pyan@aclu.org

Respectfully submitted,

*/s/William Hughes*
Joseph Gaylin (#ct32089)
Elana Bildner (#ct30379)
Dan Barrett (#ct29816)
Jaclyn Blickley (#ct31822)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF CONNECTICUT
P.O. Box 230178
Hartford, CT 06123
(860) 471-8471
jgaylin@acluct.org
ebildner@acluct.org
dbarrett@acluct.org
jblickley@acluct.org

*Counsel for Intervenor-Defendants Common Cause and Claire Ewing*

* Admitted *pro hac vice*

2