**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA: | | 3:26-CV-00021-KAD |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHANIE THOMAS | : | |
| *Defendant.* | : | MAY 20, 2026 |

**RESPONSE OF DEFENDANT SECRETARY THOMAS**
**TO PLAINTIFF'S NOTICE OF ADDITIONAL AUTHORITY**

The Court should reject Plaintiff's Notice of Additional Authority and the

attached memorandum from the Department of Justice Office of Legal Counsel

("OLC") (ECF Nos. 96 & 96-1).  As stated in Defendants' original briefing (ECF Nos.

58, 59, 81) and by Intervening Defendants (ECF Nos. 97, 98), the arguments raised

in the OLC memorandum are meritless.  And to the extent the memorandum raises

any new arguments, the Court should reject them.[1]

---

[1] *E.g.*, *Standing Akimbo, Inc. v. United States*, Docket No. 21-1379, 2023 U.S. App. LEXIS 2250, at *13–14 (10th Cir. Jan. 27, 2023) (affirming rejection of supplemental authority; "The idea was fully available to the [plaintiffs] when they responded to the [defendant's] motion to dismiss—if they had raised it timeously.  But they did not.  And district courts do not err when they decline to consider 'eleventh-hour' filings on matters that could have been raised timeously."); *Arroyo-Castro v. Gasper*, 812 F. Sup. 3d 203, 224 (D. Conn. 2025) ("[The plaintiff] may not use a notice of supplemental authority to raise an argument not raised in her briefing."); *Martin v. Integon National Ins. Co.*, Docket No. 3:22-CV-0736 (SVN), 2025 U.S. Dist. LEXIS 134257, at *19 (D. Conn. July 15, 2025) ("the Court declines to consider [the defendant's] belated argument as to these cases" raised for the first time in a notice of supplemental authority); *Ravarino v. Voya Financial Inc.*, Docket No. 3:21-CV-1658 (OAW), 2023 U.S. Dist. LEXIS 102404, at *3 n.1 (D. Conn. June 13, 2023) ("To the extent any of these notices of supplemental authority or the response thereto have

Plaintiff's submission is also procedurally improper. It is effectively a 41-page sur-reply that violates the Local Rules. "No sur-replies may be filed without permission of the Court," and even when allowed, are presumptively limited to 10 pages and to issues raised by the adverse party. L.R. 7(d).[2] Plaintiff failed to seek the Court's permission, and disregards the page and topic limits. *See* L.R. 7(d).

Respectfully submitted,

DEFENDANT
STEPHANIE THOMAS,

WILLIAM TONG
ATTORNEY GENERAL

By:    /s/ *Michael Rondon*
Michael Rondon (ct31022)
Blake Sullivan (ct30289)
Elizabeth Lewis (ct32141)
Assistant Attorneys General
Attorney General's Office, Special Litigation
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Tel: (860) 808-5020
Fax: (860) 808-5347
Michael.Rondon@ct.gov
Blake.Sullivan@ct.gov
Elizabeth.Lewis@ct.gov

---

presented new arguments not included in the parties' briefs, the court has disregarded those arguments.").

[2] *E.g.*, *Esplanade 2018 Partners, LLC v. Mt. Hawley Ins. Co.*, 2025 U.S. Dist. LEXIS 48752, at *15 (S.D.N.Y. Mar. 18, 2025) ("Because sur-replies are generally not permitted by this Court, the Court DENIES Defendant's motions for leave to file notices of supplemental authority . . . ."); *Levesque v. Clinton County*, Civil Action No. 9:10-CV-0787 (DNH/DEP), 2012 U.S. Dist. LEXIS 185947, at *7 n.3 (N.D.N.Y. Dec. 28, 2012) ("[T]he court received a submission from plaintiff that it has construed as a surreply . . . . Because surreplies are not permitted under this court's local rules, and plaintiff did not seek permission to file a surreply, that submission is stricken and has not been considered by the court.").

2