## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

STEPHANIE THOMAS, in her official capacity as Secretary of the State of Connecticut,

*Defendant*,

SEIU DISTRICT 1199NE, CONNECTICUT ALLIANCE FOR RETIRED AMERICANS, CONNECTICUT CITIZEN ACTION GROUP, and BETTE MARAFINO,

*Intervenor-Defendants*,

and

COMMON CAUSE, and CLAIRE EWING,

*Intervenor-Defendants*.

Case No. 3:26-CV-00021-KAD

June 22, 2026

---

### INTERVENOR-DEFENDANTS SEIU DISTRICT 1199NE, CONNECTICUT ALLIANCE FOR RETIRED AMERICANS, CONNECTICUT CITIZEN ACTION GROUP, AND BETTE MARAFINO'S NOTICE OF SUPPLEMENTAL AUTHORITY

---

Intervenor-Defendants SEIU District 1199NE, Connecticut Alliance for Retired Americans, Connecticut Citizen Action Group, and Bette Marafino ("Intervenor-Defendants") respectfully provide the Court notice of supplemental authority supporting Intervenor-Defendants' pending Motion to Dismiss. *See* ECF Nos. 56–57. In a decision issued today, in DOJ's parallel

1

suit seeking Maryland's unredacted voter list, the district court dismissed DOJ's complaint on the ground that Maryland's statewide voter registration list is not a record or paper that comes into the possession of state officials under the plain text of Title III of the Civil Rights Act. *See generally* Op. and Order, *United States v. DeMarinis*, No. 1:25-cv-03934, 2026 WL 1780586 (D. Md. June 18, 2026), ECF No. 91 (attached hereto as Exhibit A); *see also* ECF No. 60 at 17–18; Mar. 19, 2026 Tr. at 14:8–22; 15:14–17.

The district court first found that, under *United States v. Powell*, 378 U.S. 48 (1964), the Federal Rules of Civil Procedure governed the instant matter, and thus that DOJ's complaint could be dismissed under Rule 12(b)(6). Ex. A at *6. Applying that standard, the district court then held that a statewide voter registration list does not "come into [the state's] possession" as that phrase is used in the CRA, because it refers to records and papers that election officials receive from external sources. *Id.* at *8 (quoting *United States v. Benson*, 819 F. Supp. 3d 753, 768–69 (W.D. Mich. 2026)). The district court noted that DOJ's proffered interpretation of Title III would necessarily conflict with an adjacent provision, 52 U.S.C. § 20702, which criminalizes the alteration of any record or paper covered by Title III. *Id.*

Nine courts have now dismissed DOJ's complaints in these matters; not one has found it to have stated a valid claim. These decisions support Intervenor-Defendants' argument that DOJ's complaint must be dismissed as a matter of law.

Dated: June 22, 2026                    Respectfully submitted,

                                        */s/ William Bloss*
                                        William Bloss
                                        CT Fed. Bar No. CT01008
                                        **KOSKOFF KOSKOFF & BIEDER P.C.**
                                        350 Fairfield Avenue, Suite 501
                                        Bridgeport, CT 06604
                                        T: (475) 766-4317
                                        BBloss@koskoff.com

2

David R. Fox*
Joshua C. Abbuhl*
Tori Shaw*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
F: (202) 968-4498
dfox@elias.law
jabbuhl@elias.law
tshaw@elias.law

* Admitted *Pro Hac Vice*

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ William Bloss*