# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | Case No. 3:26-CV-00021-KAD |
| STEPHANIE THOMAS, in her official capacity as Secretary of the State of Connecticut, | June 25, 2026 |
| *Defendant*, | |
| SEIU DISTRICT 1199NE, CONNECTICUT ALLIANCE FOR RETIRED AMERICANS, CONNECTICUT CITIZEN ACTION GROUP, and BETTE MARAFINO, | |
| *Intervenor-Defendants*, | |
| and | |
| COMMON CAUSE, and CLAIRE EWING, | |
| *Intervenor-Defendants*. | |

**INTERVENOR-DEFENDANTS SEIU DISTRICT 1199NE, CONNECTICUT ALLIANCE FOR RETIRED AMERICANS, CONNECTICUT CITIZEN ACTION GROUP, AND BETTE MARAFINO'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants SEIU District 1199NE, Connecticut Alliance for Retired Americans, Connecticut Citizen Action Group, and Bette Marafino ("Intervenor-Defendants") respectfully provide the Court notice of supplemental authority supporting Intervenor-Defendants' pending Motion to Dismiss. *See* ECF Nos. 56–57. Yesterday, in DOJ's parallel suit seeking

1

Michigan's unredacted voter list, the Sixth Circuit affirmed dismissal of DOJ's complaint on two grounds.

First, the Sixth Circuit held that a statewide voter list "is an internally generated electronic database, not a record acquired from an outside source," and so did not "come into" the possession of election officials, as required to be covered by the Civil Rights Act of 1960 ("CRA"). *United States v. Benson*, No. 26-1225, 2026 WL 1815425, at *5 (6th Cir. June 24, 2026); *see also* ECF No. 60 at 17–18; Mar. 19, 2026 Tr. at 14:8–22; 15:14–17. In reaching this conclusion, the court looked to dictionary definitions, ordinary usage, and statutory context. *Benson*, 2026 WL 1815425, at *4–5. The court explained that construing the CRA to cover voter lists, as DOJ urges, would put the CRA "on a collision course with the NVRA and HAVA," because those statutes require election officials to "constantly change" voter lists, while the CRA makes it a crime to "alter" any covered records. *Id.* at *5–6. The court also explained that reading the CRA to extend to all records *in* the possession of election officials would render the phrase "come into" superfluous. *Id.* at *6. And the court rejected many of the same counterarguments DOJ advanced here, such as its contention that the phrase "come into possession" creates a "temporal distinction." *Id.* at *6–8; *see* ECF No. 76 at 25.

Second, the Sixth Circuit alternatively held that, even if the CRA could reach a State's voter list, DOJ failed to state both the basis and the purpose for its demand in a single letter, as the CRA requires. *Benson*, 2026 WL 1815425, at *8; *see* ECF No. 57 at 11.

DOJ's position has now been rejected by ten federal courts, including one court of appeals. Not a single court has concluded that DOJ stated a viable claim. Faced with this unanimous and growing body of authority, this Court should likewise dismiss DOJ's complaint as a matter of law.

Dated: June 25, 2026

Respectfully submitted,

*/s/ William Bloss*
William Bloss
CT Fed. Bar No. CT01008
**KOSKOFF KOSKOFF & BIEDER P.C.**
350 Fairfield Avenue, Suite 501
Bridgeport, CT 06604
T: (475) 766-4317
BBloss@koskoff.com

David R. Fox*
Joshua C. Abbuhl*
Tori Shaw*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
F: (202) 968-4498
dfox@elias.law
jabbuhl@elias.law
tshaw@elias.law

* Admitted *Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ William Bloss*