**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | Case No. 3:26-CV-00021-KAD |
| STEPHANIE THOMAS, in her official capacity as Secretary of the State of Connecticut, | July 15, 2026 |
| *Defendant*, | |
| SEIU DISTRICT 1199NE, CONNECTICUT ALLIANCE FOR RETIRED AMERICANS, CONNECTICUT CITIZEN ACTION GROUP, and BETTE MARAFINO, | |
| *Intervenor-Defendants*, | |
| and | |
| COMMON CAUSE, and CLAIRE EWING, | |
| *Intervenor-Defendants*. | |

**INTERVENOR-DEFENDANTS SEIU DISTRICT 1199NE, CONNECTICUT ALLIANCE FOR RETIRED AMERICANS, CONNECTICUT CITIZEN ACTION GROUP, AND BETTE MARAFINO'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants SEIU District 1199NE, Connecticut Alliance for Retired Americans, Connecticut Citizen Action Group, and Bette Marafino ("Intervenor-Defendants") respectfully provide the Court notice of two additional, recent decisions that dismissed DOJ's parallel lawsuits seeking statewide voter registration lists in Virginia and New Mexico. These

1

decisions provide additional authority supporting Intervenor-Defendants' pending Motion to Dismiss. *See* ECF Nos. 56–57.

*First*, in DOJ's parallel suit seeking Virginia's statewide voter list, the district court dismissed DOJ's complaint on the ground that Virginia's statewide voter registration list is not a document subject to production under Title III of the Civil Rights Act of 1960 ("CRA"), because it does not "come into [the] possession" of state election officials, as that phrase is used in the CRA. *See United States v. Koski*, No. 3:26-cv-42, 2026 WL 2032532 at *4–6 (E.D. Va. July 14, 2026); *see also* ECF No. 59 at 10–13, 16–17; Mar. 19, 2026 Tr. at 14:8–16:14.

*Second*, in DOJ's parallel suit seeking New Mexico's statewide voter registration list, the district court likewise dismissed the complaint, this time on the ground that DOJ's demand letter "lack[ed] an identifiable 'basis,'" as required by the CRA. *See United States v. Oliver*, No. 1:25-cv-01193, 2026 WL 2031479 at *10 (D.N.M. July 14, 2026); *see also* ECF No. 57 at 16–18. The court further held that "DOJ cannot remedy the shortcomings in its Demand Letter with an amendment or by sending a 'curing amendment letter,'" and therefore dismissed the complaint with prejudice. *Oliver*, 2026 WL 2031479, at *10 n.19.

DOJ's position has now been rejected by fifteen federal district courts, including one court within the Second Circuit, and one of those decisions has been affirmed by a court of appeals. Intervenor-Defendants respectfully urge this Court to dismiss DOJ's complaint with prejudice.

Dated: July 15, 2026                                 Respectfully submitted,

                                                     */s/ William Bloss*
                                                     William Bloss
                                                     CT Fed. Bar No. CT01008
                                                     **KOSKOFF KOSKOFF & BIEDER P.C.**
                                                     350 Fairfield Avenue, Suite 501
                                                     Bridgeport, CT 06604
                                                     T: (475) 766-4317
                                                     BBloss@koskoff.com

David R. Fox*
Joshua C. Abbuhl*
Tori Shaw*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
F: (202) 968-4498
dfox@elias.law
jabbuhl@elias.law
tshaw@elias.law

* Admitted *Pro Hac Vice*

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ William Bloss*

4